FILED

VG

OCT 3 0 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                            )          Case No. 08-14522-B-13
                                                 )
Norma B. Rodriguez,                              )          DC No. HDN-1
                                                 )
                                                 )
                 Debtor.                         )
_____)

### MEMORANDUM DECISION REGARDING EX PARTE APPLICATION TO SET ASIDE DISMISSAL OF CASE AND REINSTATE THE AUTOMATIC STAY

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

This bankruptcy case was dismissed October 9, 2009, based on the Debtor's failure to make payments due under the chapter 13 plan (the "Plan"). Upon dismissal, the automatic stay terminated by operation of law. The Debtor has filed an ex parte application to set aside that dismissal and reinstate the automatic stay (the "Ex Parte Application"). For the reasons stated below, the Ex Parte Application will be granted subject to the conditions set forth below.

This memorandum decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52(a), made applicable to this contested matter by Federal Rule of Bankruptcy Procedure 7052. This court has

1  jurisdiction over this matter under 28 U.S.C. § 1334, 11 U.S.C. § 1307[1] and

2  General Orders 182 and 330 of the U.S. District Court for the Eastern District of

3  California.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

4  **Background.**

5      Debtor, Norma B. Rodriguez (the "Debtor") filed chapter 13 on July 30,

6  2008.  The Debtor is represented by Henry D. Nunez, Esq.  Michael H. Meyer,

7  Esq., is the chapter 13 trustee (the "Trustee").  The Plan was confirmed October 9,

8  2008.

9      On September 8, 2008, the Trustee filed a motion to dismiss this case

10  pursuant to § 1307 (DC No. MHM-3) because the Debtor failed to make the first

11  payment that was due in August under the yet unconfirmed Plan.  That motion was

12  withdrawn by the Trustee on September 25, 2008, after the Debtor made the

13  delinquent payment.  On September 22, 2008, the Debtor filed a notice of change

14  of address showing a new address of record on Antioch Avenue in Fresno,

15  California (the "Antioch Ave. Address").  On October 14, 2008, the Trustee filed

16  his second motion to dismiss this case pursuant to § 1307 (DC No. MHM-4) after

17  the Debtor failed to make her September payment.  The Debtor eventually made

18  that payment and the motion was withdrawn on October 30th.

19      After a chapter 13 plan is confirmed, the Trustee is not required to notice a

20  motion for dismissal when there has been a material payment default.  That

21  process may be prosecuted by the serving of a Notice of Default and Intent to

22  Dismiss (the "NOD").  The serving of a NOD gives the debtor 30 days to cure the

23  default or file and perform a modified plan.

24

25

---

26      [1]Unless otherwise indicated, all chapter, section and rule references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy
Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the
27  effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of
2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

28

1    When the Debtor failed to make her February 2009 payment, the Trustee

2    filed the first NOD on March 3, 2009. That NOD was served on the Debtor at her

3    Antioch Ave. Address and her attorney on March 6, 2009. In response, the Debtor

4    cured the default. The Trustee filed a second NOD on June 1, 2009, when the

5    Debtor failed to make her May 2009 payment. That NOD was served on the

6    Debtor at her Antioch Ave. Address and her attorney on June 4, 2009. In response,

7    the Debtor cured that default.

8    This case was eventually dismissed based on the Trustee's third NOD

9    which was filed and served on September 1, 2009, after the Debtor failed to make

10   the August 2009 payment. The third NOD was served on the Debtor at her

11   Antioch Ave. Address and her attorney on September 4, 2009. A total of five

12   material defaults have occurred within the first thirteen months after this case was

13   filed. The Debtor failed to respond to the third NOD and the case was dismissed

14   on the Trustee's application on October 9, 2009.

15   **Analysis.**

16   On October 19, 2009, the Debtor filed this Ex Parte Application to set aside

17   the dismissal order. She also prays for reinstatement of the automatic stay. She

18   has offered to tender again the funds necessary to cure the default. Indeed, the

19   Debtor states in a supplemental declaration that she has now tendered the October

20   2009 payment to the Trustee. The Debtor states in her Ex Parte Application that

21   she did not receive the third NOD and did not learn about the default because she

22   "had recently moved addresses and had requested my attorney to file a Notice of

23   Change of Address." The Debtor contends that her attorney's failure to file the

24   notice of change of address and her failure to respond to the third NOD were the

25   result of inadvertence and excusable neglect.[2]

26

27   _____

     [2]The Ex Parte Application does not state when the Debtor moved and it does not
28   give her new address. Debtor's counsel still has not filed a new change of address form
     and her address of record is still the Antioch Ave. Address. Consequently, this ruling

3

She asks this court to vacate the dismissal order and reinstate the automatic stay as an exercise of its equitable power. However, the first maxim of equitable jurisprudence is "those who seek equity must do equity." Here, the Debtor has shown a complete disregard for her duties as a debtor in chapter 13. The record summarized above demonstrates a habitual pattern of defaults - five total - since the case was filed. The Debtor seems to believe that the Trustee has nothing better to do than to mail NODs to remind her when the next chapter 13 plan payment is due. Each of the NODs were properly mailed to the Debtor's address of record, the Antioch Ave. Address, and to the Debtor's counsel who unfortunately did nothing to represent and protect his client in the matter.

The court recognizes that every debtor can occasionally miss a chapter 13 plan payment and that dismissal may be a harsh remedy. However, based on the record, this court has no reason to believe that the Debtor will not continue her pattern of defaults if the case is simply reinstated as it was before, and that the whole NOD cycle will not begin again.

**Conclusion.**

Based on the foregoing, the dismissal order of October 9, 2009, will be vacated subject to the following conditions: The Trustee is no longer required to mail a NOD or file a motion to dismiss to remind the Debtor that a payment is overdue. The Debtor must tender all future payments to the Trustee when they come due for the remaining term of the chapter 13 Plan. If the Debtor fails to make any future payment when it comes due for the remainder of the Plan, the case may be dismissed on the Trustee's ex parte application without a hearing.

The automatic stay will be reinstated provided that Debtor's counsel shall serve a copy of the reinstatement order on all creditors to be bound by the

---

will get served by mail to the same address of record where the Trustee served all of the NODs.

4

1  automatic stay and shall file a proof of service.  The reinstated stay shall not be

2  effective until Debtor's counsel files that proof of service.  Reinstatement of the

3  automatic stay shall not affect any creditor actions lawfully taken in the gap period

4  between dismissal of the case and the effective date of reinstatement.

5      Dated: October _____30_____, 2009

6

7  _____

8  W. Richard Lee
   United States Bankruptcy Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28